UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DIETRA SMITH** | * | **CIVIL ACTION NO.  15-2396** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **CHRIS AVERETTE, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for insufficient service of process, Fed.R.Civ.P. 12(b)(5) [doc. #11], filed by defendant, Chris Averette.  The motion is opposed.  For reasons explained below, it is recommended that the motion be DENIED, and that plaintiff be granted an extension of time to perfect service.

### Background

On September 1, 2015, Dietra Smith filed the instant complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., in the 4th Judicial District Court for the Parish of Ouachita against her employer, Monroe Warehouse Company and its assistant manager, Chris Averette.  (Petition for Damages on Account of Sexual Harassment).  Smith alleges that, on several occasions, she was subjected to sexual harassment and abuse by Averette. *Id*.  Furthermore, her employer knew, or should have known of the sexual harassment, but failed to take prompt remedial action.  *Id*.  Accordingly, Smith seeks compensatory and punitive damages, attorney's fees, and costs.  *Id*.

On September 21, 2015, defendant Monroe Warehouse Company removed the case to

federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (Notice of Removal).  On October 15, 2015, the parties filed their Rule 26(f) report, in which they represented that

> Chris Averette has not been served with the lawsuit.  George M. Snellings, IV has been retained to represent Chris Averette's interest and participated in the Rule 26(f) conference, but is not signing the Case Management Report as Chris Averette has not been served with process.

(Rule 26(f) Case Mgmt. Report [doc. # 8]).

On May 17, 2016, Averette, via counsel, filed the instant motion to dismiss for insufficient service of process because of plaintiff's failure to perfect service against him within 90 days after the complaint was filed.  Fed.R.Civ.P. 4(m).[1]  On June 22, 2016, plaintiff filed her opposition to the motion to dismiss, wherein she explained that, although she attempted to serve Averette prior to removal, she had not been successful because Averette had moved out of town.  Therefore, since Averette is an absentee, plaintiff seeks an order appointing a curator for service of process and an extension of time to perfect service.

Movant did not file a reply brief and the time to do so has lapsed.  (Notice of Motion Setting [doc. # 12]).  Accordingly, the motion is ripe.

## Analysis

Rule 4 of the Federal Rules of Civil Procedure currently provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must

---

[1] Rule 4 formerly provided a presumptive service period of 120 days.  Effective December 1, 2015, however, the rule was amended to shorten the service period to 90 days.  The 2015 amendments to the Federal Rules of Civil Procedure apply to all civil cases commenced after December 1, 2015, as well as to all pending proceedings "insofar as just and practicable."  The court need not decide whether the 90 or the 120 day deadline is applicable here because plaintiff has not perfected service even under the more generous period.

extend the time for service for an appropriate period . . .
Fed. R. Civ. P. 4(m).

A "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). A district court "enjoys broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). However, dismissal under Rule 12(b)(5) "is not appropriate where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Cockerham v. Rose*, Civ. Action No. 11-0277, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011) (citations and internal quotation marks omitted).

Good cause in the present context requires a litigant to demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citation omitted). Moreover, "the claimant must make a showing of good faith and establish some reasonable basis for noncompliance within the time specified." *Id.* (citations and internal quotation marks omitted).

The Fifth Circuit has recognized that when considering an extension of time to perfect service, the district court "must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original) (citation

3

omitted). A discretionary extension may be warranted under circumstances where, for instance, "the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citation omitted).

In response to defendant's motion, plaintiff admits that she has not served Averette, but contends that she was unable to do so because he moved out of town prior to the September service attempt. (Pl. Opp., Exhs. 1-2). Morever, his present whereabouts remain unknown. The court finds that plaintiff has established a reasonable basis, i.e. good cause, for her non-compliance with the service deadline. Thus, dismissal is unavailable, and an extension of time is warranted.

Plaintiff, however, has not made the requisite showing for the appointment of a curator. Louisiana law provides that,

> A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
>
> (1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
>
> (a) A **nonresident** or **absentee** who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.

La. Code Civ. P. Art. 5091(A)(1)(a) (emphasis added).

A nonresident is defined *inter alia* as an individual who is not domiciled in this state. La. Code Civ. P. Art. 5251(11). Furthermore, an "absentee" is defined, in pertinent part, as

> a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state . . .

4

La. Code Civ. P. Art. 5251(1).

The party asserting the validity of a curator appointment bears the burden of showing that the defendant is absent. *Abbott v. Pratt*, 144 La. 741, 81 So. 296 (La. 1918). Here, however, other than the sole service attempt ten months ago, plaintiff has not adduced evidence to establish the extent of her service efforts. For example, there is no indication that plaintiff hired a private investigator or, if so, the efforts made by the investigator to locate Averette. Accordingly, the court is not authorized to appoint a curator for defendant, at this time. *See Becnel v. Charlet*, 446 So.2d 466, 468 (La. App. 4th Cir. 1984) (court lacked authority to appoint curator where no evidence that diligent effort was made to locate him); *Wood v. Hyde*, 209 So.2d 51, 53 (La. App. 4th Cir. 1968).[2]

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to dismiss for insufficient service of process, Fed.R.Civ.P. 12(b)(5) [doc. #11], filed by defendant, Chris Averette, be DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's request for appointment of a curator be DENIED, at this time.

IT IS FURTHER RECOMMENDED that plaintiff's request for an extension of time to serve defendant, Chris Averette, be GRANTED, and that plaintiff receive an additional 60 days

---

[2] Even if plaintiff were to establish that she made a reasonably diligent effort to locate Averette, the appointment of a curator may not be warranted in this Title VII suit where case law suggests that plaintiff cannot recover against Averette. *See Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (citations omitted) (generally, only employers may be liable under Title VII); *Ackel v. National Communications, Inc.,* 339 F.3d 376, 381, n.1 (5th Cir. 2003) (citation omitted) ("individuals are not liable under Title VII either in their individual or official capacities.").

to perfect service and to file the return in the record.[3]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 15th day of July 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[3] Needless to say, counsel for Averette shall assist plaintiff with her efforts to locate his missing client.