UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DIETRA SMITH** | **CIVIL ACTION NO. 15-2396** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CHRIS AVERETTE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Plaintiff Dietra Smith ("Smith") brought this action against her employer, Monroe Warehouse Company ("MWC") and a former MWC employee, Chris Averette ("Averette"), alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

Pending before the Court is a Motion for Summary Judgment [Doc. No. 15] filed by MWC. MWC argues that Smith's lawsuit should be dismissed because she failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), a prerequisite to suit. Smith filed a memorandum in opposition to the Motion for Summary Judgment contending that she has state law claims as well. [Doc. No. 23]. MWC filed a reply arguing that any state law claims also fail as a matter of law. [Doc. No. 24]. For the following reasons, MWC's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

**I.     FACTS AND PROCEDURAL BACKGROUND**

Smith is an employee of MWC. She alleges that she was subjected to sexual harassment and abuse by Averette, a former employee of MWC, and that she reported the alleged harassment to the manager, Lem Hardmon, but no action was taken.

On September 1, 2015, Smith filed a "Petition for Damages on Account of Sexual Harassment" [Doc. No. 1-2] in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, under Docket No. 15-2632. She alleges that she was subjected to a hostile work environment and cites only to Title VII, albeit for recovery of attorney's fees and costs. Smith did not allege that she filed an EEOC charge, nor did she attach a copy of an EEOC charge and/or a notice of right to sue to her Petition.

On September 21, 2015, MWC, the only Defendant which has been served, removed the suit to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for "any potential state law claims." [Doc. No. 1-1].

On June 10, 2016, MWC filed the instant Motion for Summary Judgment. [Doc. No. 15]. On July 20, 2016, Smith filed an Opposition to MWC's Motion for Summary Judgment. [Doc. No. 23]. On August 2, 2016, MWC filed a Reply to Smith's Opposition. [Doc. No. 24].

The Court is now prepared to rule.

## II.   LAW AND ANALYSIS

### A.   Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, but does not need to negate the elements of the nonmovants' case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the

evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

If a non-movant "fails to properly address [the movant's] assertion of fact as required by Rule 56(c), the court may . . . consider the fact as undisputed for purposes of the motion." FED. R. CIV. P. 56(e).

### B. Title VII

Title VII prohibits employment discrimination based on certain protected characteristics, including sex. *See* 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex"). The prohibition on sex discrimination has been extended to protect employees from sexual harassment. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993); *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986).

However, prior to filing suit, "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor*

*v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir.1996)). "Although [the] filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Taylor*, 296 F.3d at 379 (quoting *Dao*, 96 F.3d at 789).

Generally, the limitations period for filing a charge of discrimination under Title VII is 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). The period is extended to 300 days in deferral states that provide a state or local agency to address complaints of employment discrimination. *See* 42 U.S.C. § 2000e-5(e)(1). Louisiana is a deferral state, having established the Louisiana Commission on Human Rights to investigate discrimination claims. *See* LA. REV. STAT. 51:2231, *et seq*.; LA. REV. STAT. 23:301, *et seq.* The EEOC and state agencies operate under "work sharing agreements" which typically means that a claim filed with either agency is immediately forwarded to the other agency and is deemed "dual-filed" with both agencies. *See* THE LOUISIANA COMMISSION ON HUMAN RIGHTS, PROTECTING THE RIGHTS OF LOUISIANA'S CITIZENS Since 1988, http://gov.louisiana.gov/assets/Programs/LCHR/2015_LCHR_Report.pdf ( last visited 10/18/2016).

In this case, however, MWC listed as an undisputed fact that Smith failed to file an EEOC charge or a charge of discrimination with the Louisiana Commission on Human Rights. In her opposition, Smith did not contest that fact or offer any evidence that she filed with either the state or federal agency. Moreover, it has now been more than 300 days since her lawsuit was initially filed, and, thus, even if the act of alleged harassment took place on the very day she filed suit, Smith's time for filing a charge of discrimination has expired. Accordingly, under these circumstances, the Court finds that Smith failed to exhaust her administrative prerequisites to suit,

and MWC's Motion for Summary Judgment on her Title VII claims is GRANTED.

### C. State Law Claims

Based on the Court's review of Smith's Petition, it appears that she asserted only a claim of sexual harassment under Title VII, which the Court has now dismissed.

However, in her Memorandum in Opposition to MWC's Motion for Summary Judgment, Smith contends that she asserted state law claims based on her factual allegations. [Doc. No. 23]. At any rate, she now clearly asserts state law claims in the memorandum, apparently contending that MWC is vicariously liable for Averette's assault and/or battery, negligence, and intentional infliction of emotional distress and that MWC is liable under the Louisiana Employment Discrimination Law, LA. REV. STAT. 23:332, *et seq.*[1] *Id.* at p. 4.

MWC contends that the Court should not consider these claims, but argues that if they are considered, they, too, should be dismissed.

As a general rule, if a party raises claims for the first time in response to a motion for summary judgment, courts treat the raising of the claims as a motion for leave to amend pleadings under Federal Rule of Civil Procedure 15(c).

However, in this case, the Court has already dismissed the only federal claim, and it is divested of its federal question jurisdiction, as the parties are not diverse. Thus, the Court "must exercise its discretion whether to exercise supplemental jurisdiction over [Smith's] state law claims." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). "When a court dismisses all federal

---

[1] Smith appears to make some arguments that she complied with the notice requirements for filing a claim under the LEDL, but then seems to concede that she may not have met the statutory prerequisites. In any event, given the Court's ruling, these matters are to be considered by the state court.

claims before trial, the general rule is to dismiss [or remand] any pendent claims." *See id.* (citing *Wong v. Stripling*, 881 F.2d 200, 204 5th Cir. 1989)). Nevertheless, in its exercise of discretion, the Court must consider all four factors set forth in 28 U.S.C. § 1367(c)(3):

> . . . (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

After a consideration of the factors, the Court DECLINES to exercise supplemental jurisdiction over any remaining state law claims. The only claims and issues remaining are those of state law.[2] While those claims may not be "novel," all other factors support remand, particularly where, as here, the case is only one year old, and one Defendant has not yet been served. Accordingly, to the extent that MWC moves for summary judgment on any state law claims asserted against it, the motion is DENIED.

**III.    CONCLUSION**

For the foregoing reasons, MWC's Motion for Summary Judgment [Doc. No. 15] is GRANTED IN PART and DENIED IN PART. To the extent that MWC moves for summary judgment on Smith's claims under Title VII, its motion is GRANTED, and Smith's claims are DISMISSED WITH PREJUDICE. To the extent that MWC moved for summary judgment on Smith's state law claims, as were asserted in the Petition or as now asserted in her Memorandum in

---

[2] The Court is aware that Smith appears to have asserted a Title VII claim against Averette, but service has never been made on Averette, and he is not properly before the Court. At any rate, Smith's failure to file an EEOC charge prevents her from pursuing that claim against either Defendant. Finally, even if she had exhausted her administrative remedies, there is no individual liability under Title VII. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir.2002) ("This circuit has held that there is no individual liability for employees under Title VII."). Thus, there are no federal issues for this Court to consider.

6

Opposition to the Motion for Summary Judgment, the motion is DENIED. The Court declines to exercise supplemental jurisdiction over any remaining state law claims, and this matter is hereby REMANDED to the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, for any further proceedings.

MONROE, LOUISIANA, this 20th day of October, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE